# In the United States Court of Federal Claims

No. 24-2132

Filed: February 7, 2025

|  |  |
|---|---|
| ROOZANI-SUN EL, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant*. | ) |

## ORDER

Roozani-Sun El, proceeding pro se, alleges that various Illinois officials have breached contractual obligations and Plaintiff's constitutional rights. ECF No. 1 at 2.[1] Plaintiff also seeks leave to proceed *in forma pauperis*. ECF No. 2. Based on the information provided, the court **GRANTS** leave to proceed *in forma pauperis*.

Because Plaintiff has sought leave to proceed *in forma pauperis*, the court must screen the complaint to ensure that it states a claim, 28 U.S.C. § 1915(e)(2), and falls within this court's jurisdiction. This court lacks jurisdiction to hear this action.

This court's primary grant of jurisdiction appears in the Tucker Act, which provides that:

> [this court] shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). But "[t]he Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). To invoke this court's jurisdiction, Plaintiff must identify a "separate source of substantive law that creates the right to money damages." *Greenlee Cnty. v. United States*, 487 F.3d 871, 875 (Fed. Cir. 2007) (internal quotation marks omitted) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). If Plaintiff fails to establish jurisdiction, this court must dismiss the complaint. RCFC 12(h)(3) ("If the

---

[1] The court cites the page numbers in the ECF Header.

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Outlaw v. United States*, 116 Fed. Cl. 656, 658-59 (2014).

Plaintiff bears the burden of establishing this court's jurisdiction by a preponderance of the evidence. *Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018). When determining whether this court has jurisdiction, "the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Id.* at 1155 (internal quotation marks omitted) (quoting *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014)). Because Plaintiff appears pro se, the court holds Plaintiff's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Naskar v. United States*, 82 Fed. Cl. 319, 320 (2008) (internal quotation marks omitted) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). That leniency, however, does not relieve Plaintiff from establishing this court's jurisdiction. *Stephens*, 884 F.3d at 1156; *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

Plaintiff brings several claims against various Illinois state officials. ECF No. 1 at 2. Plaintiff alleges "unconstitutional acts, wrongful acts," due process violations, breach of contract, "breach to sworn official oaths to the Illinois Constitution . . . breach of trust affidavit of obligation," and "non response and acquiescence to breach of trust affidavit of obligation," among other claims. ECF No. 1 at 2. Plaintiff claims these Illinois state officials breached a "self-executing contract" in the form of an "invoice," which Plaintiff attached to the complaint. *See* ECF No. 1; ECF No. 1-2 at 2-12; ECF No. 1-2 at 23-28.

Even assuming all alleged facts in the complaint to be true and construing them in the best light for Plaintiff, this court lacks jurisdiction to hear Plaintiff's claim. First, these allegations are against the State of Illinois, Illinois state officials, or the individuals Plaintiff identifies as breaching contract or trust. There is not a single allegation against the United States or anyone acting on its behalf. Again, under the Tucker Act, this court's jurisdiction is limited to cases against the United States. 28 U.S.C. § 1491(a)(1). This jurisdiction does not extend to any other party, and "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Thus, this court does not have jurisdiction over cases against individual federal officials, states, or state officials. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997); *Sherwood*, 312 U.S. at 588. The court must dismiss those claims.

To the extent that Plaintiff makes a contractual claim against the Government based on his birth certificate, such a claim is frivolous and fails to establish this court's jurisdiction. *E.g. Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021) (explaining that a plaintiff must make a non-frivolous argument that a contract exists to establish the court's jurisdiction); *see also* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous."). From what the court can discern, Plaintiff might be attempting to assert that his birth certificate provides a lien or collateral that he may draw against. ECF No. 1-2 at 1. Plaintiff then attempts to establish a trust, with himself as trustee, by a Uniform Commercial Code ("UCC") financing statement. ECF No. 1-2 at 1. Such claims are frivolous.

Birth certificates do not "recognize or impose contractual rights, obligations, or duties" that would allow Mr. El to pursue recovery from the United States. As this court previously explained rejecting similar arguments, "[c]onstruing the complaint in plaintiff's favor, plaintiff alleges that his birth certificate and social security number are express contracts with the United States. Such allegations are frivolous and cannot support the court's exercise of jurisdiction in this matter." *Gravatt v. United States*, 100 Fed. Cl. 279, 286 (2011). And "there is no basis in the laws of the United States" for any claim that a UCC filing creates a contract with the United States. *See Rivera v. United States*, 105 Fed. Cl. 644, 646 (2012) (rejecting sovereign citizen's theory that financing statements filed under the Uniform Commercial Code created a contract with the United States).

Accordingly, as Plaintiff does not establish this court's jurisdiction over the claims made in the complaint, pursuant to RCFC 12(h)(3), this court must dismiss Plaintiff's complaint. For the foregoing reasons, the court **GRANTS** the motion for leave to proceed *in forma pauperis*, ECF No. 2, **DISMISSES** Plaintiff's complaint, ECF No. 1, **DENIES-AS-MOOT** the Government's motion to dismiss, ECF No. 6, and **DIRECTS** the Clerk's Office to enter judgment accordingly.

Pursuant to 28 U.S.C. § 1915(a)(3), the court certifies that any appeal of this decision would not be taken in good faith.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge
